**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YONGHONG JIN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 19-21296 (FLW) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| MRS BPO, LLC and PSE&G, | : | |
| | : | |
| Defendants, | : | |

**WOLFSON, Chief Judge:**

MRS BPO, LLC ("MRS") and PSE&G ("Defendants") move for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), as to *pro se* plaintiff Yonghong Jin's ("Plaintiff") Complaint. Plaintiff alleges that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), when they furnished inaccurate information to Plaintiff's Credit Reporting Agency ("CRA"). Defendants argue that Plaintiff has not asserted a viable claim under 15 U.S.C. § 1681s-2(b), and that there is no private right of action for the alleged furnishing of inaccurate information under 15 U.S.C. § 1681s-2(a). For the reasons set forth below, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings. Plaintiff's § 1681s-2(a) claim under the FCRA is dismissed with prejudice; on the other hand, her § 1681s-2(b) claim is dismissed without prejudice.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On March 3, 2019, Plaintiff received a PSE&G electricity bill, for a property located at 180 Baldwin St, FL 1, New Brunswick, New Jersey 08901, which she alleges was an inaccurate

1

estimation of the property's gas and electric meter reading.[1] Compl., p. 5. Plaintiff then called the PSE&G help line to complain about the inaccurate bill. *See* ECF No. 20, Pl. Opposition at 5. The PSE&G representative claimed that the company would investigate the issue. *Id*. According to Plaintiff, no one from PSE&G ever contacted her, but rather, the company subsequently reported the disputed unpaid bill to Plaintiff's CRA, which Plaintiff alleges significantly and instantaneously affected her credit score. *Id*. After receiving a credit alert from MRS, a debt collection agency, for collection, Plaintiff immediately paid off the $145.27 debt on September 25, 2019, seeking to reduce the negative impact on her credit score. *Id*. at 3.

Plaintiff claims that since she was in the process of obtaining a mortgage and the closing on the mortgage loan was on October 30, 2019, she was unable to dispute her credit report with the CRA on time, because it would take at least 30-60 days for her score to increase after the dispute is resolved. *Id*. at 5-6. The debt was allegedly shown on Plaintiff's credit report as a "derogatory account," and Plaintiff avers that this "bad record" will stay on her credit score regardless if the debt is repaid. *Id*. Plaintiff alleges that as a result of the derogatory account, the bank increased her mortgage interest and "added tens of thousands of dollars" to her mortgage. *Id*. at 4.

Plaintiff filed her Complaint against MRS and PSE&G on October 31, 2019, seeking $15,000.00 in damages. Plaintiff asserts unspecified FCRA claims against Defendants. *See* Compl., p. 4. Thereafter, Defendants filed the instant Motion for Judgment on the Pleadings.

---

[1]   Plaintiff is proceeding *pro se* and her form Complaint and opposition brief are both far from a model of clarity. While, typically, new allegations asserted in Plaintiff's brief cannot be considered by the Court on a Rule 12(c) motion, based on Plaintiff's *pro se* status, I will consider these newly asserted allegations for the purposes of this Motion.

## II.     Legal Standard

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings based on the theory that the plaintiff failed to state a claim is reviewed under the same standards that apply to a motion to dismiss" under Fed. R. Civ. P. 12(b)(6). *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 146-7 (3d Cir. 2013). A motion to dismiss pursuant to Rule 12(b)(6), challenges the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York*, 564 F. 3d 636, 646 (3d Cir. 2009).

A court must dismiss a claim under Rule 12(b)(6) "if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir 1980). The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d

929). In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir.2007).

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011); *see also Estelle v. Gamble,* 429 U.S. 97, 106 (1976*); Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal quotation marks and citation omitted). "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' " *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the court's] procedural flexibility.... [P]*ro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282.

### III.     FCRA

Plaintiff argues that Defendants violated their duty to provide accurate information to her CRA when they reported her outstanding PSE&G debt.  Specifically, Plaintiff contends that Defendants negligently reported the debt to the CRA, because the charges on the PSE&G bill were based on an estimate and not an actual reading from the property's meter. Although Plaintiff does not identify a specific section of the FCRA which Defendants' conduct allegedly violated, the Court construes Plaintiff's claims as arising under sections 1681s-2(a) and 1681s-2(b).

### A.      § 1681s-2(a)

Plaintiff argues that Defendants knew the bill was in dispute after she called the PSE&G help line, and thus, should not have furnished the disputed information. Opposition at 4. In that regard, Plaintiff further argues that Defendants violated their duty as furnishers when PSE&G failed to investigate the bill and inform her of the result. *Id*.  According to § 1681s-2(a), furnishers have a duty to report accurate information. However, there is no private right of action for the furnishing of inaccurate information under § 1681s-2(a). *Seamans v. Temple Univ*., 744 F.3d 853, 864 (3d Cir. 2014). Rather, this provision only provides enforcement by federal or state officials. *Id*.; *see, e.g., Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 448 (D.N.J. 2010) (finding that private enforcement is barred for "the duties imposed on furnishers of credit information by 15 U.S.C. § 1681s-2(a)[.]"); *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 (E.D. Pa. 2008) ("However, there is no private right of action based on a furnisher's failure to comply with § 1681s-2(a); enforcement of these provisions is left to federal agencies."). Therefore, to the extent Plaintiff intended to bring a claim under § 1681s-2(a), it is dismissed for lack of private right of action.

### B.      § 1681s-2(b)

The FCRA imposes duties on two different entities, CRAs and furnishers of information. *Burrell*, 753 F. Supp. at 446. Furnishers of information are entities that report consumer credit information to CRAs, such as Defendants in this case. *Id*. The first duty imposed on furnishers of information require the information reported to be accurate. Second, furnishers have a duty to investigate and correct inaccurate reports previously sent to CRAs. *Id*. at 446-47; *Tauro v. Capital One Fin. Corp.*, 684 Fed. Appx. 240, 242 (3d Cir. 2017); *see SimmsParris v. Countrywide Fin. Corp.,* 652 F.3d 355, 359 (3d Cir. 2011)*.*

In order to bring a claim under section 1681s-2(b), a plaintiff must first "meet an obscure procedural requirement — namely, filing a complaint with a credit rating agency (which is then required to pass the complaint on to the creditor) — before bringing such an action." *Burrell*, 753 F. Supp. 2d at 445; 15 U.S.C. § 1681s-2(b)(1). Indeed, a furnisher of information, like Defendants here, would violate its duty under section 1681s-2(b), if it fails to reasonably investigate a claim reported to a CRA on the information that the furnisher provided. *Burrell*, 753 F. Supp. 2d at 447. Importantly, however, this duty is not triggered until the consumer submits his/her complaint or dispute to the CRA in the first instance. *Id*.; § 1681s-2(b)(1).

In her opposition to this motion, Plaintiff concedes that she did not contact her CRA. Instead, Plaintiff claims Defendants created an impossible financial situation, because the closing date of her mortgage loan was on October 30, 2019. *See* Opposition at 5-6. Based on the timing, Plaintiff states that she could not dispute the report with her CRA on time, because it would take at least 30-60 days for her score to increase after the dispute is resolved. *Id*. However, this does not suffice under section 1681s-2(b). Plaintiff has not pointed to any case law or statutory authority under the FCRA that would excuse her obligation to first submit her dispute to the CRA before any duty is triggered on Defendants' part. And, without such a duty, Plaintiff cannot state a claim against Defendants under the FCRA. Since "[P]laintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir 1980), Plaintiff's FCRA claims are dismissed.

Lastly, I note that Plaintiff makes conclusory statements that Defendants acted negligently and willfully. In that regard, Plaintiff insists that Defendants knew that the information they furnished to Plaintiff's CRA was inaccurate, and that they lacked proper procedures in the way they conducted business. *See* Opposition at 5-6. Because Plaintiff has not identified any other

6

causes of action, other than claims under the FCRA, the Court has no basis to construe these allegations as supporting some other type of claims.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings. Plaintiff's § 1681s-2(a) claim under the FCRA is dismissed with prejudice, and the § 1681s-2(b) claim is dismissed without prejudice.[2]

DATED: August 21, 2020

/s/Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[2] Without commenting on whether Plaintiff's FCRA claim under § 1681s-2(b) is viable or has merit, *e.g.*, barred by the statute of limitations or any other reason, Plaintiff may potentially re-file a FCRA claim against Defendants after she meets her statutory obligations, if appropriate.